| UNITED STATES DISTRICT COURT | NOT FOR PUBLICATION |
| EASTERN DISTRICT OF NEW YORK | |

THOMAS BOONE,

                        Plaintiff,

– against –

WILLIAM A. LEE,

                        Defendant.

**MEMORANDUM & ORDER**

12-CV-04767 (ERK)

KORMAN, J.:

    I assume familiarity with the underlying facts and procedural history. The petitioner asserts three grounds for relief. I address these grounds seriatim.

**(1)**

    Petitioner claims that "Brady/Giglio material and that the testimony elicited deprived the appellant of his due process right to a fair trial." Pet. at 5, ECF No. 1. This claim is based on the "[w]ithholding from the [d]efense of the [p]rosecutor's promise to ensure the safety of the cooperating witness Battle and his family and eliciting of that promise during Battle's [d]irect [e]xamination." Pet. at 5, ECF No. 1. Specifically, the witness, Roshaun Battle, testified that he had been promised "the safety of me and my family." Trial Tr. at 890, ECF No. 13-4.

    Although couched in language of a *Brady* violation, properly understood, petitioner's argument does not allege a *Brady* violation—at least in the context of this case. Indeed, in granting the post-trial motion for a new trial, the trial judge observed that "the defendants did not wish to use the *Brady* material at trial[.]" Supreme Ct. Mem. (Oct. 8, 2002) at 14, ECF No. 19-1. Petitioner's claim is that the prosecutor should have disclosed his intention to elicit this testimony from the witness before doing so because the answer that the witness gave at trial was

1

prejudicial. If he had been given notice before the testimony was elicited, petitioner would have objected in advance and prevented the jury from hearing it. Nevertheless, no objection was made when this testimony was elicited. *See* Trial Tr. at 890. Sometime afterward, approximately 150 pages later in the transcript, the issue appears to have been raised in a conference that was held off the record. Trial Tr. at 1053, ECF No. 13-5. Outside the presence of the jury, the judge questioned Mr. Battle, who told him that he had related to the prosecutor his fear for his family's safety for reasons I do not repeat. Trial. Tr. at 1054. These reasons caused him to be "scared about my family's safety more than I was concerned about my own safety." Trial Tr. at 1054. In response, the prosecutor "was like he would give me protection for me and -- for me and my family." Trial Tr. at 1054-55. Battle acknowledged that he relied "on that that promise to protect [his] family in deciding whether to . . . testify[.]" Trial Tr. at 1055.

In response to this colloquy and whatever may have been said off the record before it took place, the judge offered to give a curative instruction to the jury. Trial Tr. at 1056. Petitioner's counsel and counsel for his co-defendant objected to a curative instruction "for the record," in part because such an instruction "now draws the jury's attention more strongly to the statement about the protection for the family," and because it could adversely affect their pending application for a mistrial. Trial Tr. at 1056. To the extent that their objection to a curative instruction was based on a concern that it would draw the jury's attention to Battle's testimony, that was a consequence of their failure to object when Battle initially testified. To the extent that their objection to a curative instruction was based on a concern that it could affect "the next step as well with respect to this application" for a mistrial, it is likewise without merit. Trial Tr. at 1056.

I pause here to observe that the trial judge ultimately granted a new trial on this and other grounds after the jury rendered a guilty verdict. *See* Supreme Ct. Mem. (Oct. 8, 2002). On the

appeal by the District Attorney from that order, the Appellate Division reversed on the ground that the so-called *Brady* objection was not preserved for appellate review "as no objection was made during the trial when the defendants learned of the alleged *Brady* violation." *People v. Thomas*, 777 N.Y.S.2d 673, 673 (App. Div. 2004). Moreover, on the direct appeal, the Appellate Division adhered to its prior ruling. *People v. Boone*, 925 N.Y.S.2d 512, 512 (App. Div. 2011).

The District Attorney argues that the procedural forfeiture ruling was correct because petitioner and his co-defendant did not object when the witness testified to his concern about the safety of his family. When they finally did object, the trial judge offered to give a curative instruction, which the defendants rejected. Nevertheless, whether or not the issue was procedurally forfeited, I do not find that it warrants setting aside the judgment of conviction. The testimony regarding the "promise" that had been made regarding "the safety of me and my family" was not embellished in any way by testimony regarding the circumstances that caused Battle to fear for his safety. Trial Tr. at 890. And it was not referred to in the prosecutor's summation. Nor am I persuaded that a cautionary instruction would have been insufficient to cure the alleged prejudice from this testimony. Indeed, except in unusual circumstances not present here, *see Bruton v. United States*, 391 U.S. 123 (1968), "juries are presumed to follow their instructions," *Richardson v. Marsh*, 481 U.S. 200, 211 (1987). Under these circumstances, the objection "for the record" and the strategic judgment that petitioner and his co-defendant made to object to a cautionary instruction that would have mitigated the prejudice petitioner allegedly suffered do not provide a basis for setting aside the judgment of conviction.

**(2)**

Petitioner complains about "[c]hanging of testimony during [i]dentification during trial a dramatic change." Pet. at 6. This claim is based on the "[t]he complaining witness' non-identification of the appellant during the morning session of court, followed by his positive

3

identification of the appellant during the afternoon session on the same day." Pet. at 6. This is not an issue that warrants habeas corpus relief. The jury was aware of the fact that the victim did not make an identification in the morning, and was able to do is in the afternoon. The change in testimony was available to be explored on cross-examination and argued in summation. The significance of the change in testimony was for the jury to decide. *See Manson v. Brathwaite*, 432 U.S. 98, 116 (1977) ("evidence with some element of untrustworthiness is customary grist for the jury mill. Juries are not so susceptible that they cannot measure intelligently the weight of identification testimony that has some questionable feature."). Indeed, the Appellate Division expressly rejected this claim on the alternative ground that it was "without merit. *People v. Boone*, 925 N.Y.S.2d 512, 512 (App. Div. 2011).

**(3)**

Petitioner asserts that there was "[p]rosecutorial misconduct during trial summation, [i]mproprieties were committed" because "[t]he trial prosecutor's summation which inflamed the emotions of the jury and suggested, without any evidentiary basis, that a witness life was endangered as a result of his testimony." Pet. at 8. The trial judge sustained an objection to this comment by the prosecutor. Trial. Tr. at 1205. Petitioner's claim here with regard to the summation, as his brief in the Appellate Division confirms, Pet.'s Second Appeal Br. at 36-37, ECF 12-1 at 80-81, reflects what the Appellate Division characterized as the "new arguments regarding alleged prosecutorial misconduct during summation," which it held they were procedurally forfeited and without merit. *People v. Boone*, 925 N.Y.S.2d 512, 512 (App. Div. 2011). I have read the summation of the prosecutor. There are only four objections to the charge. Each was sustained with an instruction to the jury. Trial Tr. at 1180, 1191, 1202, 1205. The one objection to the allegedly prejudicial statements that were the subject of the appellant's brief on the second appeal was to the following statement of the prosecutor:

4

> What does he [Jeridore] gain? What does he gain? If anything, he has bestowed upon himself a great deal of problems. I submit to you that he can never go home. His life is in danger.

Pet.'s Second Appeal Br. at 37 (citing Trial Tr. at 1205) (alteration in original). After counsel for petitioner's co-defendant objected, the trial judge sustained the objection and instructed the jurors to "disregard that last remark." Trial Tr. at 1205.

The Appellate Division's rejection of petitioner's arguments regarding the prosecutor's summation as unpreserved was correct as to all but the excerpt cited above. This excerpt was not sufficiently egregious as to warrant habeas corpus relief. *See Darden v. Wainwright*, 477 U.S. 168, 181 (1986). Moreover, the judge's instruction to the jurors to "disregard that last remark" was sufficient to cure any alleged prejudice. *Richardson v. Marsh*, 481 U.S. 200, 211 (1987).

## CONCLUSION

The petition is denied.

**SO ORDERED.**

Brooklyn, New York
May 9, 2014

/s/
Edward R. Korman
Senior United States District Judge

5